IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| Roberta Geraldo, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. _____ |
| Insight Global Incorporated, | ) | |
| Insight Global, LLC, | ) | |
| SunTrust Bank, | ) | |
| SunTrust Banks, Inc., and | ) | **JURY TRIAL DEMANDED** |
| SunTrust Robinson Humphrey, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Roberta Geraldo, ("Plaintiff"), by and through undersigned counsel, and brings this Complaint against the Insight Global Incorporated, Insight Global, LLC, SunTrust Bank, SunTrust Banks, Inc., and SunTrust Robinson Humphrey, Inc. ("Defendants"), under the Fair Labor Standards Act of 1983, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") for Defendants' willful failure to pay Plaintiff overtime compensation, and for such other and further relief as set forth herein, showing the Court as follows:

## JURISDICTION, VENUE AND PARTIES

1.

Plaintiff is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

2.

Defendant Insight Global Incorporated is a Domestic Profit Corporation with its principle office located at 4170 Ashford Dunwoody Road, Suite 580, Atlanta, Georgia 30301. Defendant Insight Global Incorporated may be served through its registered agent, Scott Madden, 4170 Ashford Dunwoody Rd. ST580, Atlanta, Georgia, 30319.

3.

Defendant Insight Global, LLC is a Foreign Limited Liability Company with its principle office located at 4170 Ashford Dunwoody Road, Suite 250, Atlanta, Georgia 30319. Defendant Insight Global, LLC can be served through its registered agent, CT Corporation, 1201 Peachtree Street N.E., Atlanta, Georgia 30361.

4.

Defendant SunTrust Bank is a Domestic Bank with its principle office located at 303 Peachtree Street NE, Atlanta, Georgia 30308. Defendant SunTrust

Bank can be served through its registered agent, Corporation Service Company, 40 Technology Parkway, South, Suite 300, Norcross, Georgia 30092.

5.

Defendant SunTrust Banks, Inc. is a Domestic Profit Corporation with its principle office located at 303 Peachtree Street NE, Atlanta, Georgia 30308. Defendant SunTrust Banks, Inc. can be served through its registered agent, Corporation Service Company, 40 Technology Parkway, South, Suite 300, Norcross, Georgia 30092.

6.

Defendant SunTrust Robinson Humphrey, Inc. is a Foreign Profit Corporation with its principle office located at 3333 Peachtree Road, Atlanta Financial Center, South Tower, 10th Floor, Atlanta, Georgia 30326. Defendant SunTrust Robinson Humphrey, Inc. can be served through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

7.

The Court has subject-matter jurisdiction over this case as Plaintiffs claims arises under Federal Law, to wit, 29 U.S.C. 201 *et seq.*, for violations of the Fair Labor Standards Act.

8.

Plaintiff was employed by Defendants between March 2015 and November 2015.

9.

Defendants were Plaintiff's "Employer" as defined in 29 U.S.C. § 203.

10.

Upon information and belief, Plaintiff was jointly employed by Defendants between March 2015 and November 2015.

11.

Plaintiff was an "Employee" as defined under the FLSA, 29 U.S.C. § 203(e)(2)(c).

12.

Plaintiff performed non-exempt labor for Defendants within the past three (3) years.

13.

During her employment with Defendants, Plaintiff was required to work more than forty (40) hours in a seven (7) day pay period and was not fully compensated for all non-exempt hours actually worked as required by the FLSA, 29 U.S.C. § 207.

14.

During her employment with Defendants, Plaintiff was required to work more than forty (40) hours in a seven (7) day pay period and was not compensated at a rate or one and one half times her hourly rate of pay for all non-exempt hours actually worked as required by the FLSA, 29 U.S.C. § 207.

**FACTUAL ALLEGATIONS**

15.

Plaintiff incorporates all foregoing paragraphs as if same were fully expressed herein.

16.

On or about March 2, 2015, Plaintiff entered into a Contract Employee Agreement ("contract") with Insight Global, a staffing services company, and SunTrust, referred to as the "Customer" in the Contract Employee Agreement.

17.

The contract was set to end when the contract assignment was deemed completed in the discretion of SunTrust or Insight Global.

18.

Timesheets kept by Plaintiff were required to be verified by an authorized representative of SunTrust and a copy of the time sheet was submitted to Insight Global on a weekly basis.

19.

Plaintiff was required to present a time sheet signed by an authorized SunTrust representative in order to receive payments for hours worked.

20.

Per the contract, Insight Global was required to pay Plaintiff for all hours worked on a weekly basis.

21.

Plaintiff was required to submit her verified time sheet to Insight Global immediately following each week of work to facilitate timely invoicing to the Customer, SunTrust.

22.

Plaintiff was not paid for holidays, sick days, or any other authorized periods of absence, but only for hours actually worked.

23.

During Plaintiff's employment, she was required to adhere to all applicable policies, procedures and rules of both Insight Global and SunTrust.

24.

Per the contract, Insight Global and/or SunTrust had the right to direct the Plaintiff as to when, where, and how Plaintiff performed her work.

25.

During Plaintiff's employment with Defendants, she was paid on a weekly basis.

26.

During Plaintiff's employment with Defendants, she was compensated at a rate of $34.14 per hour.

27.

As required by the contract, Plaintiff submitted timesheets to an authorized SunTrust representative for verification.

28.

Upon information and belief, Plaintiff attempted to submit overtime hours worked on her weekly time sheets but was not permitted to include overtime hours for verification.

29.

Plaintiff notified Defendants that she was entitled to overtime compensation.

30.

While employed by Defendants between March 2015 and November 2015, Plaintiff was required to work overtime hours without being compensated for each non-exempt hour actually worked.

31.

While employed by Defendants between March 2015 and November 2015, Plaintiff was required to work overtime hours without being compensated at a rate of one and one half times her hourly rate of pay for each non-exempt hour actually worked.

32.

Defendants benefited from Plaintiff's overtime labor.

33.

Upon information and belief, Defendant Insight Global Incorporated was engaged in interstate commerce as contemplated in 29 U.S.C. § 207 at all times relevant to this Complaint.

34.

Upon information and belief, Defendant Insight Global, LLC was engaged in interstate commerce as contemplated in 29 U.S.C. § 207 at all times relevant to this Complaint.

35.

Upon information and belief, Defendant SunTrust Bank was engaged in interstate commerce as contemplated in 29 U.S.C. § 207 at all times relevant to this Complaint.

36.

Upon information and belief, Defendant SunTrust Banks, Inc. was engaged in interstate commerce as contemplated in 29 U.S.C. § 207 at all times relevant to this Complaint.

37.

Upon information and belief, Defendant SunTrust Robinson Humphrey, Inc. was engaged in interstate commerce as contemplated in 29 U.S.C. § 207 at all times relevant to this Complaint.

38.

Upon information and belief, Plaintiff's daily responsibilities and work for Defendants consisted of non-exempt labor to include:

(a) Manual labor;

(b) White glove support;

(c) Setting up laptops, docking stations, desktops, desktop phones, monitors, printers, keyboards and other equipment for new hires and SunTrust employees;

(d) Assemble and disassemble equipment;

(e) Fixing and repairing desktop phones;

(f) Patching cable;

(g) General troubleshooting; and

(h) Other assigned tasks.

39.

While employed by Defendants between March 2015 and November 2015, Plaintiff was required to work on-call hours on multiple occasions to include June 8, 2015 through June 14, 2015, July 27, 2015 through August 2, 2015, and September 28, 2015 through October 4, 2015.

40.

Plaintiff was not properly compensated for all non-exempt, on-call hours actually worked for Defendants.

41.

Plaintiff was not properly compensated for all non-exempt, overtime on-call hours actually worked for Defendants.

42.

Upon information and belief, Plaintiff's last day of employment occurred on or before October 3, 2015. Plaintiff was subsequently paid for her last week of work on or about October 9, 2015.

43.

On October 30, 2015, Plaintiff was paid for 91 hours for the pay period ending on October 24, 2015. Plaintiff was paid at her hourly rate of $34.14, and not

at the federally mandated overtime rate of one and one half times her hourly rate of pay.

44.

Upon information and belief, Plaintiff was compensated for 91 hours to reimburse her for non-exempt overtime hours actually worked between March 2015 and November 2106 which were not paid during the time period accrued as required by law.

45.

Upon information and belief, Plaintiff worked in excess of 91 hours of non-exempt overtime while employed by Defendants between March 2015 and November 2015.

## COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. §§ 201 et seq.

46.

Plaintiff incorporates all foregoing paragraphs as if same were fully expressed herein.

47.

The Fair Labor Standards Act as codified in 29 U.S.C. § 201 *et seq.,* requires an employer to compensate employees for all non-exempt hours actually worked.

48.

Defendants failed to compensate Plaintiff for all non-exempt hours actually worked between March 2015 and November 2015.

49.

The Fair Labor Standards Act as codified in 29 U.S.C. § 201 *et seq.*, requires an employer to compensate employees for all non-exempt hours worked in excess of forty (40) hours in a workweek at a rate of one and one half times the employee's regular rate of pay.

50.

Defendants failed to properly compensate Plaintiff for all non-exempt overtime hours actually worked between March 2015 and November 2015 at a rate of one and one half times Plaintiff's hourly rate of pay.

51.

Defendants mis-classified Plaintiff as an exempt employee or in the alternative, knowingly and willfully elected to not compensate Plaintiff for all non-exempt hours actually worked between March 2015 and November 2015.

52.

Defendants failed to compensate Plaintiff for all non-exempt hours actually worked in violation of FLSA 29 U.S.C. §§ 207 and 215.

53.

Defendants mis-classified Plaintiff as an exempt employee or in the alternative, knowingly and willfully elected to not compensate Plaintiff at a rate of one and one half times for all non-exempt overtime hours actually worked in excess of forty (40) hours during seven (7) day pay periods in accordance with the FLSA 29 U.S.C. § 201 *et seq*.

54.

Defendants failed to compensate Plaintiff at a rate of one and one half times her calculated hourly rate for all non-exempt hours actually worked in excess of forty (40) hours during seven (7) day pay period in violation of FLSA 29 U.S.C. §§ 207 and 215.

55.

Defendants required Plaintiff to work more than forty (40) hours during seven (7) day pay periods without paying Plaintiff overtime in violation of 29 U.S.C. § 201 *et seq*.

56.

Defendants' violations were intentional and willful as Defendants knew or should have known that they were required to compensate Plaintiff for all non-exempt overtime hours worked in excess of forty (40) hours during seven (7) day pay periods.

57.

Upon information and belief, Defendants managed, controlled, and directed Plaintiff's tasks, hours, schedule, duties, and manner of payment at all times relevant to this Complaint.

58.

Upon information and belief, Defendants were not exempt from application of the overtime compensation requirements under FLSA 29 U.S.C. §§ 207 and 213.

59.

Defendants willfully failed to accurately report, record, and/or preserve records of hours actually worked by Plaintiff, and thus failed to make, keep, and preserve records with respect to its employees sufficient to determine their wages, hours, and other conditions and practices of employment, all in violation of the FLSA.

60.

Defendants' willful, intentional, and bad faith violations give rise to a claim for relief pursuant to FLSA 29 U.S.C. § 216.

61.

Upon information and belief, when Defendants refused to pay Plaintiff the overtime wage differential as required by federal law, Defendants were not relying

on any letter ruling from the Department of Labor indicating that Plaintiff was not entitled to overtime compensation.

62.

Upon information and belief, Plaintiff was not subject to a statutory exemption excluding her from overtime compensation while employed by Defendants.

63.

Defendants' conduct willfully violated 29 U.S.C. §§ 207 and 215 of the FLSA, entitling Plaintiff to all relief available under the FLSA, including an award of liquidated damages, attorney's fees, and costs of litigation pursuant to 29 U.S.C. § 216.

64.

Defendants failed to compensate Plaintiff for all non-exempt, on-call hours actually worked between March 2015 and November 2015.

65.

Defendants failed to compensate Plaintiff for all overtime, on-call hours actually worked between March 2015 and November 2015.

66.

The Fair Labor Standards Act as codified 28 U.S.C. § 201, *et seq*, employers are required to pay employees for all non-exempt straight time and overtime hours

actually worked following the pay period during which the hours are actually worked.

67.

Defendants impermissibly "flexed" Defendants time outside of the designated pay period during which the wages were earned.

68.

Defendants failed to properly compensate Plaintiff for all non-exempt straight time and overtime hours actually worked following the pay period during which said hours were performed.

69.

Defendants' payment of 91 hours to Plaintiff constitutes an improper, unlawful, and ineffective attempt to compensate Plaintiff for hours worked in excess of 40 hours in a seven day period.

WHEREFORE, Plaintiff requests that this Court:

1) Grant a trial by jury as to all triable issues of fact;
2) Issue a judgment awarding Plaintiff:
   a. All past due unpaid wages;
   b. All past due unpaid overtime wages owed Plaintiff pursuant to FLSA 29 U.S.C. § 201 *et seq.*;

c.  Liquidated damages as provided by 29 U.S.C. § 216;

   d.  Pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216;

   e.  Court costs, expert witness fees, attorney fees, and other expenses of litigation as provided under 29 U.S.C. § 216;

   f.  Any and all other remedies allowed under the FLSA; and

3) Any and all such other relief this Court allows.

This <u>10th</u> day of February, 2017.

                                                      LoRusso Law Firm, P.C.

                                                      <u>s/ Lance J. LoRusso</u>
                                                      Lance J. LoRusso
                                                      Georgia Bar No. 458023
                                                      Blake H. Joiner
                                                      Georgia Bar No. 906241
                                                      Attorneys for Plaintiff

1827 Powers Ferry Road SE
Building 8, Suite 200
Atlanta, Georgia 30339
770-644-2378
770-644-2379 (fax)

                     This Document Appears In Times New Roman 14 Point Font